Ewing v. Lutz et al.

No. 15,582.

EWING v. LUTZ ET AL.

PLEADING.—*Title to Real Estate.—Deed.—Complaint.*—When the plaintiff asserts title to real estate, and bases his claim upon a certain deed, and the record shows that a deed regular in form, clear in its terms, and apparently founded upon a valuable consideration, was executed by the grantor to the grantee, and there are no facts tending to show fraud or mistake, it is error to sustain a demurrer to the complaint.

From the Wabash Circuit Court.

*F. Ullman, O. H. Bogue, J. B. Walker, R. E. Pendarvis,* for appellant.

*M. H. Kidd* and *J. M. Hunter,* for appellees.

ELLIOTT, C. J.—The appellant asserts title to real estate, and bases his claim upon a deed executed by George W. Ewing, junior, to George W. Ewing, senior. The deed is the same as that examined and construed in the cases of *Ewing* v. *Jones,* 130 Ind. 247; *Ewing* v. *Lemcke,* 130 Ind. 600; *Ewing* v. *Torian,* 130 Ind. 600, and *Ewing* v. *Carson,* 130 Ind. 597. The appellees demurred to the complaint, and their demurrer was sustained, so that the only question presented to us is as to the effect of the deed upon which appellant's claim of title is founded. There are no extrinsic facts alleged, and we are not required to do more than declare what is the *prima facie* meaning of the deed, and what is its legal effect, when considered independently of extrinsic facts. All we know from this record is that a deed, regular in form, clear in its terms, and apparently founded upon a valuable consideration, was executed by the grantor to the grantee, for there are no facts tending to show fraud or mistake. In the cases referred to we simply gave judgment upon the deed, and we here do no more than decide upon the deed itself. Whether it may be impeached for fraud or mistake, or what facts must be shown to justify its overthrow, are questions with which we have here no con-

cern, and upon which we give no opinion. We have had no brief from the appellees. The cases to which we have referred, and the authorities to which they refer, leave no room to doubt that the court below erred in holding the complaint insufficient.

Judgment reversed.

Filed April 23, 1892.